Ardmore Manor Civic Association et al. *v.* The Township of Haverford, and Intervenor John Buckley.

Argued April 15, 1971, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino, Mencer and Rogers.

*David S. Markson,* with him *Walter M. Strine, William J. Taylor, Samuel C. Harry* and *Morgan, Lewis & Bockius,* for appellants.

*Robert James Jackson,* with him *Domenic D. Jerome* and *James A. McGoldrick,* for appellee.

*Robert E. J. Curran,* with him *Robert James Jackson* and *Kassab, Cherry, Curran & Archbold,* for intervenor-appellee.

OPINION BY JUDGE DE FURIA of the Court below:

Defendants move for summary judgment on the record.

Intervenor, John Buckley, had filed an application for rezoning with the Commissioners of Haverford Township.

A public hearing, after due notice, was held on October 20, 1969. Thereafter, notice of a "continued" public hearing to consider amendments was given and the hearing held on February 10, 1970. Finally, two zoning ordinances were adopted at the meeting of the Commissioners on April 13, 1970.

Plaintiffs filed a Complaint under the Municipalities Planning Code (53 P.S. 10910, Suppl. 1970) contesting the procedure in adopting said ordinances. Defendants filed Preliminary Objections which, after argument, were disposed of by this Court by Opinion of October 30, 1970.

Plaintiffs did admit due notice and hearing on the original application for rezoning on October 20, 1969. (Paragraph 23, Complaint, and Exhibit D.)

As to the hearing of February 10, 1970, the only allegation of Plaintiffs was that the appellant had not asked for amendments, and that this failure somehow rendered the proceedings improper. But, there is no requirement under the M.P.C. that the applicant re-

quest amendments. Further, the Plaintiffs themselves (Paragraph 24) allege that this meeting was a "continued public hearing" held "pursuant to public notice", and attach a copy of said notice (Exhibit E).

Exhibit E clearly contains all legal requirements for a continued public hearing to consider amendments under Section 609 (53 P.S. Suppl. 10609). The time, place, purpose and subject matter were set forth; together with a "brief summary setting forth the principal provisions in reasonable detail" under Section 610, (53 P.S. Supp. 10610).

Our prior Opinion dealt with and decided these issues, inter alia, by ruling "Thus, we hold that the meeting of April 13, 1970, was properly held after due notice, and that the Ordinances were proper subjects for adoption at said meeting, and were properly adopted thereat."

Therefore, the preadoption and adoption requirement issues have already been disposed of and Plaintiffs may not raise these questions anew on the present Motion by Defendants.

The sole issue unresolved in the prior Opinion was the question of fulfillment by the Township of post-adoption requirements.

This issue could not be reached by the Court since Preliminary Objections admitted the Plaintiffs' allegation, despite evidence of record (Proof of Publication) to the contrary.

Defendants thereafter filed an Affidavit by the Secretary of the Township certifying to proper publication, and moved for Summary Judgment under Penna. R.C. P. 1035. Plaintiffs filed an Answer studiously avoiding the record fact of due publication. The issue now is ripe for adjudication.

While the Secretary's affidavit is not conclusive, the reference to the proof of publication of April 23,

1970, filed of record on September 15, 1970, is determinative of the issue.

The Ordinances were duly published as to time, content and reference, as required by law.

Hence, the following

## ORDER

And now, this 28th day of December, A.D. 1970, no genuine issue of material fact appearing, and it further appearing that the Defendant and the Intervenor are entitled to judgment as a matter of law, Summary Judgment on the record is hereby entered in favor of the Defendant and Intervenor and against the Plaintiffs.

---

OPINION BY JUDGE WILKINSON, May 13, 1971:

This is an appeal from the order of the Common Pleas Court of Delaware County granting appellees summary judgment on the record. The record, in relevant parts, consists of a complaint contesting the validity of two zoning ordinances, preliminary objections and opinion and order sustaining in part and dismissing in part the preliminary objections and answer, a motion for summary judgment supported by an affidavit, an answer to the motion, and a memorandum opinion and order granting the summary judgment. We must affirm the court below.

In the opinions on the preliminary objections and on the granting of the summary judgment, the court below discusses and correctly disposes of all the relevant questions involved. Because of the forceful argument presented by counsel for appellant, both orally and in the brief, on the matter of the validity of the notice of the meetings when the ordinances were discussed at public hearings and the advertisements of the notice of the adoption of the ordinances, we will cover

these two points again, although not substantially in the same fashion as that by the court below. The court below held that paragraphs 23 and 24 of the complaint constituted admissions of the sufficiency of the public notice. The appellant disagrees. We must concur with the court below. In a legal sense, as used in a complaint, an allegation that public notice was given necessarily carries with it that it was a proper public notice unless the affirmative allegation was made that it was not a proper public notice. Any doubt on this, as used in this complaint, is removed by noting that in the same complaint, it is alleged in paragraph 27 that the subsequent meeting at which the ordinances were adopted was "without the required public notice". If the plaintiff had used similar language in paragraphs 23 and 24, they would not have constituted admissions. With regard to the propriety of the public notice of the meetings at which the ordinances were adopted, the court below properly found that the required notice had been given.

Finally, appellant strenuously contends that the fact that the affidavit of the secretary of Haverford Township indicating that the required post-adoption procedure was followed was insufficient to support the summary judgment. This would be true if appellant's answer denied the contents of the affidavit, but it does not do so. It merely alleges that the affidavit "is incompetent, irrelevant and immaterial; further, said affidavit is violative of the hearsay and best evidence rules of evidence. By way of further objection it is averred that said affidavit contains certain conclusions of law, namely, that the meeting of April 30, 1970, was a 'regular stated meeting'; and that notice of adoption of the Ordinances was 'duly advertised'." Indeed, the affidavit specifically states that the proof of publication "is filed with the other papers in the office of the Prothonotary of Delaware County, Pennsylvania". Be-

yond any question, this is a proper allegation of fact and is not denied.

As so amplified the order of the lower court is affirmed upon the opinion of Judge DEFURIA.

Judge MANDERINO concurs in the result only.